# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## COURT OF APPEALS OF OHIO
### No. 300
### PANTAZATOS v. JELM
Ohio Court of Appeals, Summit County
No. 615. Jan. 19, 1923

This opinion has not been published except in Abstract.

**PHYSICIANS—(1) Degree of care and skill required of a specialist.**

PER CURIAM.

#### Epitomized Opinion

Plaintiff sued the defendant, a physician, to recover damages for an alleged malpractice. Before argument, the plaintiff asked the court to charge the jury that a physician holding himself out as having special knowledge, and skill in treatment of a particular disease, is bound to use not merely the ordinary degree of care and skill possessed by general practitioners, but that special degree of care, skill and knowledge of specialists in the treatment of such disease. As this request was refused, the plaintiff accepted. The jury returned a verdict for the defendant, and the plaintiff prosecuted error. Held:

1. Where a physician is employed because of his peculiar learning and skill in the specialty practiced by him, his duty to his patient cannot be measured by the average skill of a general practitioner, but by that degree of skill and knowledge which is o'narily possessed by physicians who devote special attention and study to the disease of which he claims to be a specialist.

Attorneys—Myers & Cottwald, for Pantazatos; Waters, Andress, etc., for defendant.

### No. 301
### WINKLER v. BARCH
Ohio Court of Appeals, Summit County
No. 595. Jan. 20, 1923

This opinion has not been published except in Abstract.

**MORTGAGES—(1) Obtaining mortgages through fraud and duress.**

WASHBURN, P. J.

#### Epitomized Opinion

Winkler, becoming financially embarrassed, filed a petition in bankruptcy. He later obtained the consent of his creditors to a composition. Among the creditors consenting to this composition was the Knickerbocker Co. Being unable to consumate this composition without financial assistance, the latter company advanced Kinkler $500 for this purpose. Winkler, however, agreed to give the Company a chattel mortgage to secure attorney fees and the entire amount of its claim, instead of the amount due it by the composition and also the $500 advancement. Upon default, the suit was brought by one Barch to replevy the chattel property covered by the mortgage. A judgment was rendered for Barch and the defendant Winkler prosecuted error. In sustaining the judgment the court of appeals held:

1. That inasmuch as the composition had been agreed to by the Knickerbocker Co. at the time that the bankrupt agreed to pay the whole of its claim in consideration of money alone to be used in paying the consideration of the composition, the mortgage was not obtained by duress or fraud.

Attorneys—Sieber, Sieber & Amer, for Winkler; Burch, Bacon & Denlinger, for Barch.

### No. 302
### HOOKER et al v. EXCELSIOR REALTY CO et al
Ohio Court of Appeals, Summit County
No. 729. Jan. 5, 1923

**FORECLOSURE—(1) Notice of the exercise of an option under a mortgage deed and note.**

WASHBURN, P. J.

#### Epitomized Opinion

The Excelsior Realty Co. brought an action to foreclose a mortgage, which was given to secure an installment contract. The mortgage and note provided that if the installments were not paid within ten days after due, then the whole sum should become due and payable. As judgment was rendered for plaintiff, defendant prosecuted error claiming that as no notice was given him, he being the mortgagor, by the holder to the effect that he had exercised his option to declare the entire indebtedness due, the action was improperly brought. In affirming the judgment of the lower court, the court of appeals held:

1. In the absence of a course of dealing which would justify the maker in assuming that the holder would not insist upon strict compliance with the terms of the mortgage and note, or other circumstances, which would estop the holder from exercising such option without notice, no notice was necessary before bringing the suit.

Attorneys—Meads & Chapman, etc., for defendant; Slabaugh, Young, Seiberling, etc., for plaintiff.

### No. 303
### MILITZ v. STATE
Ohio Court of Appeals, Summit County
No. 725. Jan. 5, 1923

**SEARCH WARRANT—(1) Application for restoration of porperty under illegal search warrants must be supported by evidence.**

WASHBURN, P. J.

#### Epitomized Opinion

An affidavit was filed before a mayor charging Mility with illegally manufacturing and possessing intoxicating liquors. A search warrant was issued and the premises of the accused were searched where some home brew was found, also a copper still for its manufacture. These articles were seized and the defendant arrested. At the hearing, the defendant made a motion to dismiss because the affidavit was insufficient. This being overruled, he then filed a written motion for an order directing the return of the seized property upon the ground that the search warrant was insufficient. However, the accused did not offer any evidence to establish defendant's ownership and his right to have the goods returned. The trial resulted in a conviction. Error was then prosecuted to Common Pleaose Court, where the judgment was affirmed. Error was the n jrosecuted to the Court of Appeals, the defendant claiming that as the seizure was illegal, the court erred in not ordering a restoration. In sustaining the lower court it was held:

1. The making of an application for the restoration of seized property, must be supported by evidence of ownership and the right of possession and such other facts as would tend to establish the illegality of the seizure. And a failure to do so leaves the party making such application in the same position as though never made.

Attorneys—Greenbaum, for Militz; Myers, for State.